United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                Case No. 18-17613-amc
Karenn D. Love                                                        Chapter 13
    Debtor

## CERTIFICATE OF NOTICE

District/off: 0313-2        User: Virginia           Page 1 of 1                Date Rcvd: Jan 09, 2020
                            Form ID: pdf900          Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jan 11, 2020.
db             +Karenn D. Love,    300 S. 4th Street, Apartment 1,    Darby, PA 19023-2842

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                           TOTAL: 0

     ***** BYPASSED RECIPIENTS *****
NONE.                                                                                           TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 11, 2020                              Signature:   /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on January 9, 2020 at the address(es) listed below:
     ANDREW   SPIVACK    on behalf of Creditor    U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE ET. AL.
      paeb@fedphe.com
     JEROME B. BLANK    on behalf of Creditor    U.S. Bank National Association, et.al. paeb@fedphe.com
     KEVIN G. MCDONALD    on behalf of Creditor    U.S. Bank, N.A., successor trustee to LaSalle Bank
     National Association, on behalf of the holders of Bear Stearns Asset Backed Securities I Trust
     2005-HE9, Asset-Backed Certificates Series 2005-HE9 bkgroup@kmllawgroup.com
     REBECCA ANN SOLARZ     on behalf of Creditor    U.S. Bank, N.A., successor trustee to LaSalle Bank
     National Association, on behalf of the holders of Bear Stearns Asset Backed Securities I Trust
     2005-HE9, Asset-Backed Certificates Series 2005-HE9 bkgroup@kmllawgroup.com
     THOMAS YOUNG.HAE SONG    on behalf of Creditor    U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE ET.
     AL. paeb@fedphe.com
     United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
     WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com, philaecf@gmail.com
     ZACHARY   PERLICK    on behalf of Debtor Karenn D. Love Perlick@verizon.net,   pireland1@verizon.net
                                                                                                                          TOTAL: 8

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Karenn D. Love<br>    Debtor | CHAPTER 13 |
| U.S. Bank, N.A., successor trustee to LaSalle Bank National Association, on behalf of the holders of Bear Stearns Asset Backed Securities I Trust 2005-HE9, Asset-Backed Certificates Series 2005-HE9<br>    Movant<br>vs.<br>Karenn D. Love<br>    Debtor<br>William C. Miller, Esquire<br>    Trustee | NO. 18-17613 AMC<br><br>11 U.S.C. Section 362 |

### STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$5,103.53**, which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | July 2019 to December 2019 at $861.81/month |
| Suspense Balance: | $67.33 |
| **Total Post-Petition Arrears** | **$5,103.53** |

2. The Debtor(s) shall cure said arrearages in the following manner;

a). On or before December 31, 2019, the Debtor shall make a down payment in the amount of **$2,000.00**;

b). Beginning on January 1, 2020 and continuing through June 1, 2020, until the arrearages are cured, Debtor(s) shall pay the present regular monthly payment of **$861.81** on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month), plus an installment payment of **$517.26 from January 2020 to May 2020 and $517.23 for June 2020** towards the arrearages on or before the last day of each month at the address below;

SELECT PORTFOLIO SERVICING, INC.
P.O. BOX 65250
SALT LAKE CITY, UT 84165-0250

        b).    Maintenance of current monthly mortgage payments to the Movant thereafter.

3.    Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4.    In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5.    The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6.    If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7.    If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8.    The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9.    The parties agree that a facsimile signature shall be considered an original signature.

Date:   December 18, 2019           By: /s/ Rebecca A. Solarz, Esquire
                                                        Attorney for Movant

Date: 12/30/19                           Zachary Perlick, Esquire
                                                    Attorney for Debtor

Date: 1-3-19

*/s/* William C. Miller, Esquire
Chapter 13 Trustee

Approved by the Court this __9th__ day of January, 2020 , 20XX. However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Ashely M. Chan